FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDRIA K.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:19-CV-00179-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney David Lybbert represents Alexandria K. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on May 5, 2016, alleging disability since July 5, 2008,[1] due to pigmented villonodular synovitis (PVNS) and depression. Tr. 79. The application was denied initially and upon reconsideration. Tr. 103-05, 106-07. Administrative Law Judge (ALJ) Kimberly Boyce held a hearing on October 24, 2017, Tr. 36-77, and issued an unfavorable decision on May 22, 2018, Tr. 15-29. Plaintiff requested review from the Appeals Council. Tr. 156-59, 256-64. The Appeals Council denied the request for review on March 26, 2019. Tr. 1-5. The ALJ's May 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 24, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1981 and was 32 years old as of her date last insured in 2013. Tr. 27. In 2006 Plaintiff was working at McDonalds and while mopping a floor she twisted her knee and felt a pop. Tr. 266. She sought medical attention after a few weeks when she was continuing to have pain and swelling. Tr. 578. The swelling eventually went down and she sought no further treatment until 2008 when the pain returned. Tr. 591. At that point she had an MRI and was diagnosed with PVNS, a condition where synovial fluid builds up in the knee causing tumor-like growths. Tr. 269. Medical examiners for Labor and Industries found that her PVNS was a pre-existing condition, but had been "lit up" by the 2006 work injury. Tr. 650, 266-71. In December 2008 she had surgery to remove the growths. Tr. 275.

---

[1] Plaintiff amended her alleged onset date to July 26, 2012 at the hearing. Tr. 39.

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

She continued to seek treatment for her knee pain over the following years, and by 2011 had to have surgery again to remove recurrent growths. Tr. 296-98. Over the following years her doctors recommended radiation and chemotherapy for her knee, and discussed the possibility of more surgery, future knee replacement, or leg amputation. Tr. 377, 418, 452, 480, 534, 865. She had another knee surgery in 2016, over two years after her insured status expired. Tr. 385

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 22, 2018 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date of July 26, 2012, through the date last insured of December 31, 2013. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairment: right knee pigmented villonodular synovitis status-post surgery. Tr. 18

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform work at the sedentary exertional level, except:

> The claimant could stand and walk for about two hours and could sit for more than six hours in an eight-hour workday with normal breaks. She could never push or pull with the lower extremities. The claimant could never climb ladders, ropes or scaffolds, work at unprotected heights or in proximity to hazards such as heavy machinery with dangerous moving parts. She could occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. She could never crawl. In order to meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, this individual could understand, remember and carry out unskilled, routine and repetitive work that could be learned by demonstration, and in which tasks to be performed are predetermined by the employer.

Tr. 19.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a fast food worker. Tr. 24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of semiconductor die loader, semiconductor wafer breaker, and cutter paster press clippings. Tr. 28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured of December 31, 2013. Tr. 29.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly discounting Plaintiff's subjective complaints; (3) failing to find mental health impairments severe at step two; (4) failing to find Plaintiff's

condition met a listing at step three; and (5) making step five findings that did not consider all of Plaintiff's relevant limitations.

## DISCUSSION

### 1. Step Two

Plaintiff argues the ALJ erred in failing to find her depression to be a severe impairment at step two. ECF No. 18 at 13, 15.

An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

At step two the ALJ found Plaintiff's depression to be non-severe. Tr. 18. She determined that Plaintiff had no impairment in the broad areas of functioning set out in the regulations for evaluating mental disorders, and noted that Plaintiff did not have any formal mental health treatment during the relevant period other than some use of antidepressants. *Id.* The ALJ further noted Plaintiff's reports that she did not have any symptoms of depression during the relevant period. *Id.*

Plaintiff argues that treating sources in 2010 and 2017 found Plaintiff suffered from mental impairments. ECF No. 18 at 13. However, Plaintiff offers no analysis of the ALJ's findings or any citations to support a finding of a severe impairment during the relevant period. The Court finds no error in the ALJ's step-two findings.

### 2. Step Three

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each

Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Plaintiff argues the ALJ erred in finding her knee condition did not meet the requirements of Listing 1.02A. ECF No. 18 at 9-10.

Listing 1.02 concerns major dysfunction of a joint, and requires a showing of:

> gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.02. Section 1.00B2b defines an inability to ambulate effectively as:

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.
>
> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

> crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.* at §1.00(B)(2)(b).

Plaintiff argues that each of the elements are present due to her chronic joint pain, stiffness, loss of motion, and edema from the recurrent tumor-like growths in her knee. ECF No. 18 at 10. She asserts her condition results in the inability to ambulate effectively as she is unable to walk even a block at a reasonable pace on rough or uneven surfaces. *Id.* In her reply brief, Plaintiff points to her difficulty performing activities of daily living. ECF No. 20 at 2-4. Defendant argues Plaintiff has failed to offer a plausible theory that her impairments satisfy the listing, and notes the record does not reflect an inability to ambulate effectively. ECF No. 19 at 5-7.

The Court finds no error in the ALJ's findings. The record contains no evidence of Plaintiff using an assistive device, other than a cane for short periods of time during a flare-up of her pain. Tr. 66-67, 309. Plaintiff reported to her doctors that she was able to complete her activities of daily living and household chores, and care for her children during the relevant period. Tr. 690-94. She testified she is able to drive in town. Tr. 50. The record does not contain evidence of an inability to ambulate effectively. Therefore, the requirements of the listing are not met, and the ALJ did not err in so finding.

3. **Medical opinion evidence**

Plaintiff alleges the ALJ improperly weighed the opinion evidence, giving insufficient reasons for disregarding Plaintiff's various treating providers,

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

including Drs. Kimura, Starkweather, Flugstad, and Simon. ECF No. 18 at 5-9, 15-17.[2]

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons, and when a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

The treating doctors' opinions in this case are contradicted by the state agency reviewing doctors, who found Plaintiff was capable of modified light exertion work. Tr. 85, 95. Therefore, the ALJ was required to offer specific and legitimate reasons for discounting the opinions.

    *a.*    **Dr. Kimura and Dr. Starkweather**

Plaintiff's treating doctor, Irene Kimura, completed Activity Prescription Forms (APF) for Plaintiff's Labor & Industries claim in July 2012 and July 2013.

---

[2] Plaintiff mentions other evidence that the ALJ discussed, including DPT Randy Bruce and Dr. David Karges, but does not specifically assign any error to the ALJ's actions. Any such arguments are thus waived. The court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in the opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

Tr. 365, 695. In both forms Dr. Kimura opined Plaintiff had substantial limitations on her ability to sit, stand, and walk, was unable to lift or carry any weight, and was limited to pushing and pulling no more than five pounds. *Id.* She also opined Plaintiff had substantial postural limitations. *Id.* The ALJ gave these opinions some weight, finding the record supported limitations on standing and walking and minimal postural activities due to her knee impairment, but found that not all of the findings in the forms were consistent with the record. Tr. 22-23. The ALJ specifically found the record did not support a finding that Plaintiff was unable to lift or carry any weight, pointing to normal strength findings and her ability to care for her infant child during the relevant period. *Id.*

In September 2013, Plaintiff's orthopedist, Dr. Starkweather, also completed an APF, opining Plaintiff was not released to any work and could no more than seldomly stand/walk, twist, squat, or kneel and could never climb, bend, or stoop. Tr. 366. He did not offer an opinion as to how long she could sit or how much weight she could lift. *Id.* The ALJ gave this opinion little weight for similar reasons to her rationale regarding Dr. Kimura.

Plaintiff argues that objective findings support the limitations assessed by both of the treating doctors, and that Plaintiff's activities in caring for her household and her children are not inconsistent with the assessed limitations. ECF No. 18 at 16-17. Defendant argues that the ALJ's interpretation of the record is reasonable and that the medical records and Plaintiff's activities undermine the extent of the assessed limitations. ECF No. 19 at 18-19.

An ALJ may reasonably consider an opinion's consistency with the record as a whole and support from the objective medical signs and findings. 20 C.F.R. § 404.1527(c). An ALJ may also reasonably consider a claimant's daily activities and their consistency with medical opinions of record. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ pointed to findings and activities that conflicted with the doctors' opinions. While Plaintiff offers an alternative

interpretation of the record, "if the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The ALJ identified substantial evidence in support of her conclusion.

### b. Dr. Flugstad

Plaintiff's orthopedic surgeon, Dr. Daniel Flugstad, provided several Activity Prescription Forms and other letters for Plaintiff's Labor & Industries claim, from 2009 to 2011. Tr. 716, 725, 761.

Plaintiff asserts the ALJ did not indicate whether she gave any credence to Dr. Flugstand's observations in his February 2011 opinion (contained in this record at Tr. 725). ECF No. 18 at 6. Plaintiff is incorrect. The ALJ discussed Dr. Flugstad's three opinions and gave them little weight as they were all provided prior to Plaintiff's alleged onset date, and they were not consistent with the record. Tr. 24-25.

The Court finds the ALJ did not err. Opinions that pre-date the alleged onset date of disability are of limited relevance. *Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989). Plaintiff has made no argument as to why Dr. Flugstad's opinions apply to the relevant period.

### c. Dr. Simon

Plaintiff's primary care physician, Dr. Jill Simon, completed a number of opinions noting Plaintiff was unable to perform full time work and was significantly impaired by her knee condition. Tr. 872, 892, 901-02, 908.

The ALJ gave these opinions little weight, as they were completed years after the date last insured and therefore did not reflect Plaintiff's functioning during the relevant period. Tr. 26. The ALJ further noted that while Dr. Simon stated the limitations likely related back to 2012 or 2013, she did not treat Plaintiff until 2014. *Id.* The ALJ also found the opinions to be inconsistent with records

from the relevant period that reflected no formal mental health treatment and largely normal exams of the right knee, despite some limitations. *Id.*

Plaintiff argues Dr. Simon unequivocally said the limitations likely go back to 2012 or 2013, and even though she did not treat Plaintiff until later, her statements indicate she reviewed previous treatment records, thus giving her a valid basis for her assessment. ECF No. 18 at 7-8. Defendant argues the ALJ reasonably rejected Dr. Simon's opinions as outside the relevant period and without an adequate explanation for the basis for concluding they applied prior to Dr. Simon's treatment. ECF No. 19 at 16-17.

The Court finds the ALJ gave specific and legitimate reasons for discounting Dr. Simon's opinions. Plaintiff's insured status expired December 31, 2013. Tr. 17. Dr. Simon did not begin treating Plaintiff until November 2014. Tr. 482. Though she discussed Plaintiff's history of treatments in her narrative letter, Tr. 901, there is no indication that she specifically reviewed treatment records from the relevant period. Furthermore, while Dr. Simon said it was "likely" that Plaintiff's condition existed at the same level of impairment in 2012 and 2013 as it did when she began treating Plaintiff in 2014, the Court cannot find this statement to be "unequivocal" as Plaintiff urges.

The ALJ did not err in giving little weight to the various opinions from Dr. Simon.

**4.   Plaintiff's symptom statements**

Plaintiff alleges the ALJ erred in rejecting her symptom testimony without providing adequate reasons. ECF No. 18 at 18-19. Specifically, Plaintiff argues the ALJ improperly discounted her testimony based on minimal daily activities.[3]

---

[3] Plaintiff also asserts the ALJ erred in disregarding the effects of "chronic headaches and the chronic fatigue due to liver dysfunction from her congenital condition, or the intermittent diarrhea." ECF No. 18 at 18. None of these

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to not be entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ found Plaintiff's described daily activities were not limited to the extent expected based on her complaints of disabling symptoms and limitations. Tr. 20. The ALJ also found the objective medical

---

conditions are reflected in the record. Tr. 282, 359, 381, 897. The Court is therefore left to conclude that this text pertains to a different matter. The Court also notes that Counsel referred to the claimant by the wrong gender ("*his* daily activities").

The Court also cautions Counsel regarding the regrettable choice of words used to characterize the ALJ's reasoning. ECF No. 18 at 7.

The Court has previously cautioned Counsel to exercise care in his briefing to avoid such mistakes (*Hines v. Saul*, 4:18-cv-05107, ECF No. 18 at 13) and renews that instruction at this time.

evidence was not consistent with Plaintiff's alleged disability, including noting evidence of medication controlling her pain. Tr. 21.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ found evidence regarding Plaintiff's ability to care for her children full time and tend to her household chores contrary to Plaintiff's testimony regarding disabling limitations. Tr. 20. While Plaintiff argues she was only able to engage in these activities sporadically and with great effort, the ALJ's interpretation of the record is reasonable, particularly in light of the contemporaneous treatment records noting Plaintiff's reports of being able to tend to all household and personal care. Tr. 690-94.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). An ALJ may also consider the course and effectiveness of treatment, including improvement with medication. Social Security Ruling 16-3p. The ALJ reasonably relied upon the records showing limited objective findings on exam, and evidence that Plaintiff's pain was controlled with medication during the relevant period. Tr. 21. The ALJ's conclusion that Plaintiff's allegations of disabling symptoms were inconsistent with the objective evidence is supported by substantial evidence.

**5.    Step five**

Plaintiff argues the vocational expert (VE) testimony was of no value due to the ALJ omitting relevant limitations from the hypothetical questions posed to the VE. ECF No. 18 at 15, 19. Plaintiff's argument is based on successfully showing that the ALJ erred in her treatment of the symptom statements and medical opinions. *Id*. Because the Court finds that the ALJ did not harmfully err in her treatment of the evidence, Plaintiff's argument is without merit.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED AS MOOT.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED July 6, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE